Hayes HOGUE *v.* AMERON, INC. and Carl A. HARNED

85-58                                                                     695 S.W.2d 373

Supreme Court of Arkansas
Opinion delivered September 9, 1985

*Tom F. Donovan,* for appellant.

DAVID NEWBERN, Justice. This is a defamation action. The appellant, Hogue, is an Arkansas State Police trooper. The appellee, Harned, wrote to the director of the state police complaining that Hogue had driven an unlicensed vehicle and, in connection with an attempt by one Crawford to gather evidence of that event, had yelled obscenities in the presence of Crawford and others. Summary judgment was entered in favor of Ameron, Inc., and it is not a party to this appeal. After Hogue had presented his evidence, a motion for directed verdict was granted to Harned on the ground that Hogue had proven no damages. We reverse and remand.

The appellant presents two issues. Was the directed verdict proper in view of his having alleged libel *per se* and in view of testimony the appellant contends was sufficient to show damages? Did the court err in allowing testimony about statements contained in a police investigative report?

## *1. The Directed Verdict*

The record shows Hogue's father-in-law and Harned's father had engaged in a bitter boundary line dispute of long duration. It also showed that there was some community division on Petit Jean Mountain where Hogue, Harned, and their families lived caused by an application several years ago by Hogue's wife for a retail beer permit. There had been allegations of harassment by Hogue of persons who had successfully opposed awarding the beer permit. The libel complaint, however, is based strictly on the letter from Harned to Hogue's state police superior complaining about the driving of the unlicensed vehicle and the yelling of obscenities. The letter said Crawford took pictures of Hogue driving an unlicensed vehicle. That turned out to be untrue. The state police investigation revealed that Hogue's wife had driven her father's unlicensed truck, and Hogue was ultimately admonished to prevent members of his household from doing it again.

The appellant contends this allegation was actionable *per se* because it accused him falsely of committing two crimes, i.e., driving an unlicensed vehicle and disorderly conduct. The appellant contends it was thus not incumbent upon him to present evidence of damages. He also contends the court was wrong because he did present evidence showing injury to his reputation caused by the investigation which ensued from Harned's letter.

■ We tend to agree with the appellant that there was some evidence of injury to his reputation, and it was enough to get that issue to the jury. Note, 38 *Ark. L. Rev.* 899 (1985). Hogue testified clearly that his reputation had been harmed by the investigation. Another witness testified, rather vaguely, that Hogue's reputation changed for the worse at about the time of the investigation. Our decision on that narrow question is in favor of the appellant, and thus we reverse and remand.

■ The appellant argued that no proof of injury to reputation was required because the concept of libel *per se* has not been abolished in a case of a non-media defendant by *Gertz* v. *Welch*, 418 U.S. 323 (1984). *Little Rock Newspapers, Inc.* v. *Dodrill*, 281 Ark. 25, 660 S.W.2d 933 (1983), is cited by the appellant for the proposition that *Gertz* v. *Welch, supra*, does not apply to non-media defendants. We did not so hold, and that question remains

open in this jurisdiction.

Another open question which should arise on retrial of this case is the extent, if any, to which the common law qualified privilege to criticize an officer [see W. Prosser and W. Keeton, *Torts*, pp. 830-831 (5th ed 1984)] has been affected by *New York Times* v. *Sullivan*, 376 U.S. 254 (1964), and by *Gertz* v. *Welch, supra*. To overcome such a privilege, if it still exists, should we define "actual malice" as it has come to be defined in the cases dealing with defamation and the First Amendment?

These questions are alluded to and illuminated in R. Smolla, Intertwining the Constitution and the Common Law: Evolving Doctrines of Defamation in Arkansas, *Arkansas Law Notes*, p. 49 (1983).

■ The record in this case demonstrates that the parties argued and briefed well appellee's motion for summary judgment on the ground that the appellant is a public official or public figure, and thus "actual malice" must be shown. However, the motion was denied on the basis that the accusations of criminal conduct were not directed to the appellant's official conduct as a policeman. The denial of the summary judgment motion is not on appeal, but we should note that the letter which formed the basis of the complaint was sent only to the plaintiff's state police superior. It was clearly an attempt to call attention to the alleged incidents because they were unworthy of a state policeman rather than because they were crimes to be investigated and prosecuted as such. We do not say the summary judgment should have been granted, but it is well for us to point out the issues should have been whether there was a privileged communication, whether the privilege was overcome by a showing of some form of malice, and, in these contexts, whether there were any remaining genuine issues of material fact. Ark. R. Civ. P. 56(c).

## 2. Admissibility of Police Report

We address this point in case it comes up again on retrial. When a state police captain was on the witness stand, he was asked by the appellee's counsel what was told to him by persons to whom he spoke during his investigation of Hogue. The appellant's counsel raised a hearsay objection and noted that a police investigative report is not excepted from the hearsay rule in Ark.

Stat. Ann. § 28-1001 (Repl. 1979), Uniform Evidence Rule 803. The court's response was, "[i]t's part of the investigative report. . . . That's what we're here testifying about."

■ While the court's statement was cryptic, we cannot interpret it as being a reference to any exception to the hearsay rule. We can hardly agree with the appellant that the court's admission of the evidence unduly influenced him to direct a verdict, but we can see no basis for saying the evidence admitted was not hearsay. In view of the outcome of this case, it was not prejudicial error.

Reversed and remanded.

JOHN PURTLE, J., not participating.

STEELE HAYS, J., dissents.