Buddy TOWNSEND *v.* STATE of Arkansas

CR 87-47                                          728 S.W.2d 516

Supreme Court of Arkansas
Opinion delivered May 11, 1987
[Rehearing denied June 15, 1987.]

158

*Jeff Duty*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant, Buddy Townsend, challenges the jurisdiction of the circuit court, when hearing a misdemeanor appeal from the municipal court, to grant a monetary judgment for restitution in excess of the constitutional limit for municipal courts in civil cases. We hold that the circuit court acted beyond its jurisdiction and reverse and dismiss the monetary judgment. Otherwise, Townsend's conviction and sentence for driving while intoxicated and driving left of center

are affirmed.

Townsend's other arguments for reversal are that he was denied a speedy trial, that the trial court erred in allowing a police officer to testify as to what he had written on his report of the accident, and that the court should not have allowed two witnesses to give "opinion" testimony.

Townsend was found guilty of D.W.I. and driving left of center by the Siloam Springs Municipal Court. He was sentenced to one year in county jail, fined $1,000 and ordered to pay restitution of $5,894 to the victim of the automobile accident which resulted from his driving violations. Townsend appealed to the Benton County Circuit Court, where on trial de novo he was again found guilty in all particulars. The circuit court imposed the same sentence and fine, but entered a separate "civil judgment" increasing restitution to $25,877.25.

Arkansas Constitution art. 7, § 42 provides for appeal "from the final judgment of the justices of the peace to the circuit courts under such regulations as are now, or may be, provided by law." Jurisdictional limits for justice of the peace courts carry over to the municipal courts. Ark. Const. art. 7, § 43; Ark. Stat. Ann. § 22-709 (Repl. 1962).

Arkansas Stat. Ann. § 26-1308 (Repl. 1962), provides for appeal from justice of the peace courts to circuit courts to determine the cause "anew" on the merits. However, the jurisdiction of the circuit court is derived from and is dependent upon the appeal. The circuit court can render no judgment that the justice of the peace is not authorized to render. *Whitesides* v. *Kershaw & Driggs*, 44 Ark. 377 (1884). *See also Combined Insurance* v. *Dreyfus*, 244 Ark. 1011, 428 S.W.2d 239 (1968); *Markham* v. *Evans*, 239 Ark. 1154, 397 S.W.2d 365 (1965).

Townsend claims that the circuit court had no jurisdiction to render the civil judgment against him. To resolve this question, we must decide whether the judgment of the municipal court was in fact a "civil" judgment, and if so, was the municipal court authorized under its jurisdictional limit of $100 to render a judgment for restitution in the amount of $5,894.

The municipal court ordered Townsend to pay restitution under the authority of Ark. Stat. Ann. § 43-2351 (Supp. 1985),

which provides:

> If a defendant pleads guilty or is found guilty of a criminal offense, the trial court of criminal jurisdiction shall, in addition to imposition of sentence, enter a monetary judgment against the defendant in an amount of restitution or reparations from the offender to the victim that will totally or partially compensate the victim for his personal injury or loss of or damage to his property caused by the criminal act of the offender. The court shall specify the total amount to be compensated, the rate of compensation, if periodic payments are provided, to whom it is to be paid; and, if personal service to the victim is the compensation, establish a reasonable value or rate of value for the services rendered.

Section 43-2354 addresses the effect of the restitution judgment:

> The monetary judgment, as provided herein, shall become a judgment against the offender and shall have the same force and effect as any other civil judgment recorded in this State.

The state argues that the municipal court's constitutional limit on civil judgments does not apply in this instance because the municipal court was exercising its criminal jurisdiction when it found Townsend guilty of the criminal offenses and ordered him to pay restitution. We disagree. Section 43-2351 provides for the entry of a monetary judgment against the defendant in an amount that will compensate the victim for loss of or damage to property caused by the criminal act of the offender. Section 43-2354 states that this judgment shall have the same force and effect as any *other civil* judgment recorded in this state.

Although labeled "restitution," the money judgment assessed by the municipal court was in fact a civil judgment subject to the municipal court's jurisdictional limit of $100 for loss or damages to personal property. Ark. Const. art. 7 §§ 40 and 43. This court has no authority to construe a statute that is plain and unambiguous to mean anything other than what it says. *Hinchey* v. *Thomasson*, 292 Ark. 1, 727 S.W.2d 836 (1987); *Weston* v. *State*, 258 Ark. 707, 528 S.W.2d 412 (1975).

■ The legislature obviously designated restitution as a civil judgment. We treat it accordingly and find that the municipal court, and therefore the circuit court on appeal, exceeded its jurisdiction. That part of the judgment as to restitution is reversed and dismissed.

Townsend also argues that he was denied his right to a speedy trial in both the municipal and circuit court trials. The applicable dates are as follows:

October 26, 1984 . . . . . . . . . . . . . . Date of arrest

June 5, 1985 . . . . . . . . . . . . . Municipal court trial

July 2, 1985 . . . . . . . . . . . . Notice of appeal filed in circuit court

March 12, 1986 . . . . . . . . . . . . Circuit court trial

■ The state had eighteen months from Townsend's arrest to bring him to trial in circuit court. Ark. R. Crim. P. 28.1(c). He was tried in less than seventeen months in the circuit court, thus, there was no violation of Rule 28.1. Townsend has not argued that he was prejudiced by any delay.

■ Townsend next contends that the trial court erred in allowing the investigating police officer to testify as to what he marked on his accident report as contributing factors to the accident. When Townsend objected to the use of the report, the trial court ruled that the report could not be introduced into evidence, but that the officer could use it to refresh his memory. Townsend argues that we held in *Hogue* v. *Ameron, Inc.,* 286 Ark. 481, 695 S.W.2d 373 (1985) that this is a violation of the hearsay rule, A.R.E. Rule 803. In *Hogue,* we simply stated that the officer could not testify from his writings as to what was told to him by persons with whom he spoke during his investigation. *Hogue* did not involve an officer refreshing his memory from notes as to what he observed at the scene, which is permissible. *Black and White, Inc.* v. *Love,* 236 Ark. 529, 367 S.W.2d 427 (1963).

Finally, Townsend argues the trial court erred in allowing two witnesses to give opinion testimony. One was an eye witness who was driving in front of Townsend prior to the accident. She testified she drove into the ditch alongside the road when

Townsend attempted to pass her immediately before the accident, and estimated Townsend's speed at more than seventy miles per hour. She determined Townsend's speed by comparing her speed of fifty miles per hour to the speed of Townsend's vehicle, which she said came up behind her very quickly. The witness was a mail carrier and said she drives more than 100 miles a day. The other witness was the investigating officer who testified that the road, which was straight and flat, did not play a part in the accident.

■ A lay witness may give testimony in the form of opinions or inferences if they are rationally based on the perception of the witness and helpful to a clear understanding of a fact in issue. A.R.E. Rule 701; *Smith* v. *Davis*, 281 Ark. 122, 663 S.W.2d 165 (1983).

■ We do not accept Townsend's statement, without explanation, that the testimony did not fall within Rule 701. The first witness was an experienced driver who was in a position to observe the speed of Townsend's vehicle relative to her own. The officer investigated the accident and observed the causes of the accident and the condition of the road. Their testimony was relevant in determining the extent of Townsend's fault and whether he "constituted a clear and substantial danger to himself and other motorists," our definition of intoxicated under Ark. Stat. Ann. § 75-2502 (Supp. 1985). The testimony was properly submitted.

Reversed in part and affirmed in part.