The Honorable James T. Jordan State Representative P.O. Box 518 Monticello, Arkansas 71655
Dear Representative Jordan:
In response to your request for an opinion on whether monetary criminal judgments rendered pursuant to Ark. Code Ann. 16-90-303
(1987) must be recorded in the clerk's judgment book along with civil judgments, it appears there is no formal legal requirement that they be so recorded. However, a reasonable construction of the relevant statutes and case law on the matter suggests that these judgments are, in effect, civil judgments and would, therefore, be subject to the Arkansas Rules of Civil Procedure concerning the en y and recording of such judgments.
The monetary criminal judgment rendered pursuant to Ark. Code Ann16-90-303 "shall become a judgment against the offender and shall have the same force and effect as any other civil judgment recorded in this state." Ark. Code Ann. 16-90-306 (1987). The negative implications of the above section are that monetary criminal judgments are different from civil judgments and that even unrecorded they have the same force and effect as recorded civil judgments. Construing the above statutes, however, the Arkansas Supreme Court has indicated that the terms "other civil" judgments, as used in 16-90-303, mean that monetary criminal judgments are, in fact, civil judgments. Townsend v. State,292 Ark. 157, 728 S.W.2d 516 (1987) (decision under prior law) and that they must be validly entered before an execution occurs. Brimer v. State, 295 Ark. 20, 746 S.W.2d 370 (1988).
While the court did not specifically say so, its holdings in Townsend and Brimer suggest that monetary criminal judgments are subject to the Arkansas Rules of Civil Procedure, specifically Rule 58 and Arkansas Rules of Civil Procedure, Administrative Order No. 2 (ARCP Appendix 1990) which concern the entry of judgment and the maintenance of a judgment book. It should be noted that a judgment does not become effective until it is entered in accordance with A.R.C.P. 58 and Administrative Order No. 2. Standridge v. Standridge, 298 Ark. 494, 769 S.W.2d 12 (1989). It is clear that the General Assembly did not contemplate whether monetary criminal judgments should be recorded in the civil judgment book in enacting provisions of the compensation of the crime victims. See Ark. Code Ann. 16-90-301 (1987). It is also clear that the Arkansas Supreme Court did not consider this issue in Townsend or Brimer. However, a reasonable construction of the applicable case law, statutes and rules suggest that it necessary to enter criminal judgments on the general judgment book.
The foregoing opinion which I hereby approve, was prepared by Assistant Attorney General Kelly K. Hill.