The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
You have requested an Attorney General opinion on the following question:
 Can a mayor draw retirement from a first class city if the city has been a first class city for only six months prior to the mayor's retirement?
It is my opinion that the mayor can draw retirement from the first class city under the circumstances you describe, provided that he or she is eligible for retirement benefits under the provisions of A.C.A. §24-12-123, which governs the retirement benefits of mayors of cities of the first class. That statute states:
24-12-123. Mayors of cities of first class.
 (a)(1) In all cities of the first class in this state, any person who shall serve as mayor of the city for a period of not less than ten (10) years, upon reaching age sixty (60) years, or any person who shall serve as mayor of the city for a period of not less than twenty (20) years, without regard to age, shall be entitled to retire at an annual retirement benefit during the remainder of his natural life, payable at the rate of one-half (1/2) of the salary payable to the mayor at the time of his retirement.
 (2) The retirement payments shall be paid monthly and shall be paid from the city general fund.
 (3) However, mayors who have served as an elected official or employee of that city prior to or after their service as mayor shall count their service as an elected official or city employee at the rate of one (1) year for mayor's retirement for each two (2) years served as an elected official or a city employee, with a maximum of an additional two (2) years' credit towards mayor's retirement.
 (4) The minimum retirement benefits shall be two hundred fifty dollars ($250) per month for both salaried and nonsalaried mayors.
 (b)(1) On the death of any mayor retired under the provisions of subsection (a) of this section or any other acts of the General Assembly, or any mayor who dies in office after becoming eligible to retire under subsection (a) of this section or any other acts of the General Assembly, the spouse of the mayor married to the mayor for ten (10) years or longer may, at the option of the governing body of the city, receive one-half (1/2) of the retirement benefit the retired mayor was receiving or one-half (1/2) of the retirement benefit the mayor who died in office was entitled to receive.
(2) However, upon remarriage of the spouse, the benefits shall cease.
 (3) The provisions of this subsection are retroactive to November 1, 1983, at the sole discretion of the governing body of the city.
 (c) Any mayor retired prior to July 20, 1987, and receiving benefits under prior acts of the General Assembly shall be entitled to continue receiving benefits under the prior acts.
A.C.A. § 24-12-123.
The above-quoted statute does not address the question of a mayor's entitlement to retirement benefits in a situation where part of the mayor's term in office was served at a time when the city was not a city of the first class. Nevertheless, it is indisputable that when a city becomes a city of the first class, it becomes subject to all of the statutes governing cities of the first class, including this one. Under the unambiguous terms of this statute, if a city is a city of the first class, its mayor is entitled to receive retirement benefits in accordance with the statute (provided that he or she is eligible for retirement pursuant to the language of the statute) — without regard to the length of time the city has been classified as a city of the first class. Accord,
Op. Att'y Gen. No. 94-234. I cannot read into this statute an exception that is not stated. Townsend v. State, 292 Ark. 157, 728 S.W.2d 516
(1987). Moreover, the Arkansas Supreme Court has held that retirement statutes should be interpreted liberally in favor of those to be benefited. Looper v. Gordon, 201 Ark. 841, 147 S.W.2d 24 (1941). Seealso Daley v. City of Little Rock, 319 Ark. 440, 892 S.W.2d 254 (1995);Scott v. Greer, 229 Ark. 1043, 320 S.W.2d 262 (1959).
For these reasons, I conclude that a mayor can draw benefits from a first class city in a situation where the city has been a first class city for only six months prior to the mayor's retirement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh