2009 Ark. App. 646

**Richard ROEBEN, Appellant,**

v.

**BG EXCELSIOR LIMITED PARTNER-SHIP, The Peabody Little Rock, Tim Sneed, and Kerry Snellgrove, Appellees.**

**No. CA 08–1111.**

Court of Appeals of Arkansas.

Oct. 7, 2009.

Rehearing Denied Nov. 11, 2009.

Harrill & Sutter, PLLC, by: Luther Oneal Sutter, Little Rock, for appellant.

Mitchell, Williams, Selig, Gates & Woodyard, PLLC, by: Kathlyn Graves, Little Rock, for appellee Kerry Snellgrove.

Waller Lansden Dortch & Davis, LLP, by: Stanley E. Graham and Michael J. Rusie, Nashville, TN; and Quattlebaum, Grooms, Tull & Burrow, PLLC, by: E.B. Chiles, IV, Little Rock, for appellee BG Excelsior Limited Partnership.

LARRY D. VAUGHT, Chief Judge.

In this defamation case, appellant Richard Roeben appeals the Pulaski County Circuit Court's order granting summary judgment in favor of appellees BG Excelsior Limited Partnership d/ b/ a The Peabody Little Rock (BG), Tim Sneed, and Kerry Snellgrove. Roeben argues that the trial court erred in granting appellees summary judgment because (1) his claims are not barred by the statute of limitations; (2) there is evidence of damages; (3) there is evidence of publication; and (4) the defamation is not protected by the qualified privilege. We affirm summary judgment as to BG but reverse as to Sneed and Snellgrove.

On January 17, 2006, Roeben, who was the Director of Purchasing for BG, was terminated based on BG's belief that Roeben had unauthorized possession of hotel property. Roeben filed a complaint against BG on November 13, 2006, in the Circuit Court of Pulaski County, alleging age discrimination. BG removed the case to the United States District Court for the Eastern District of Arkansas, and thereafter, answered and counterclaimed against Roeben for conversion.

On December 28, 2006, Roeben filed a third-party complaint, pursuant to Federal Rule of Civil Procedure 14(a),[1] adding Norma Wilcox, Tim Sneed, Kerry Snellgrove, and Brenda Tutor as third-party defendants and alleging that these individuals defamed him by falsely reporting that he had stolen property from the hotel or by republishing the false statement. BG was not named as a third-party defendant, and no allegations of defamation were made against it.

A motion to dismiss the third-party complaint was filed by third-party defendant Sneed, who alleged that the complaint was improper under Rule 14, because Roeben failed to allege that Sneed may be liable to Roeben for BG's claim of conversion against Roeben. The district court agreed with Sneed but held the motion to dismiss in abeyance, allowing Roeben to file an amended complaint adding his defamation claims against Wilcox, Sneed, Snellgrove, and Tutor as per Rule 15 of the Federal Rules of Civil Procedure.

On March 1, 2007, Roeben filed an amended complaint in federal court, adding the claims of defamation against Wilcox, Sneed, Snellgrove, and Tutor to the existing claim of age discrimination against BG. Roeben did not allege defamation against BG in the amended complaint. Thereafter, BG filed a motion for summary judgment on the age-discrimination claim, and the individual defendants filed motions for summary judgment on the defamation claims. On January 3, 2008, the district court granted BG's summary judgment on the age-discrimination claim, dismissed Roeben's defamation claims against the individual defendants without prejudice, and dismissed BG's counterclaim for conversion without prejudice.

On January 24, 2008, Roeben filed a complaint (giving rise to this appeal) in the Pulaski County Circuit Court against BG, Sneed, and Snellgrove alleging defamation. All three defendants moved for summary judgment. In an order granting summary judgment, the trial court found:

With respect to BG, and for the reasons argued at the Oral Argument and in BG's briefs, the Court holds that [Roeben's] claims are barred by the applicable statute of limitations.

1. Rule 14(a) of the Federal Rules of Civil Procedure provides that a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. Fed.R.Civ.P. 14(a).

With respect to BG, Tim Sneed, and Kerry Snellgrove, and for the reasons argued at the Oral Argument and in the Defendants' briefs, the Court holds that summary judgment is appropriate on the merits of [Roeben's] claims.

Specifically, the Court holds that there is no genuine issue of material fact with respect to a necessary element of [Roeben's] defamation claims: actual harm to reputation proximately caused by the conduct of the Defendants. In the absence of proof of reputational injury, proximately caused by the conduct of the Defendants, [Roeben] cannot prevail on his defamation claim.

In addition, and as a separate and independent basis of its ruling, the Court holds that there is no genuine issue of material fact with respect to another element necessary to [Roeben's] defamation claims: publication to a third party. A corporation cannot publish a defamatory statement to itself, and [Roeben] has adduced no admissible evidence to establish that the allegedly defamatory statements were communicated to a third-party outside BG's corporate sphere. In the absence of proof of publication to a third party, [Roeben] cannot prevail on his defamation claim.

In addition, and as a separate and independent basis of its ruling, the Court holds that [with respect to BG and Tim Sneed] the allegedly defamatory statements were subject to a qualified privilege. And statements concerning the termination of [Roeben] occurred within the course of BG's business and among its employees.

Roeben filed a timely notice of appeal from this order.

The applicable standard of review is as follows:

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties.

*Ellis v. State Farm Bank, F.S.B.*, 2009 Ark. App. 569, at 3, 2009 WL 2877636 (citing *Hanks v. Sneed*, 366 Ark. 371, 377–78, 235 S.W.3d 883, 888 (2006)) (internal citations omitted).

Roeben's first point on appeal is that the trial court erred in finding that his claim against BG was barred by the statute of limitations.[2] The statute of limitations for defamation in the form of slander is one year. Ark.Code Ann. § 16–56–104(3) (Repl.2005). The statute begins to run at the time of publication of the alleged slander. *Milam v. Bank of Cabot*, 327 Ark. 256, 262, 937 S.W.2d 653, 656 (1997). Roeben's complaint, filed on January 24, 2008, alleged that the slanderous statements were made on or about January 15, 2006. Because the complaint was

2. Because the only party to which the trial court granted summary judgment based on the statute of limitations was BG, we do not address arguments on this issue as to any other party.

filed more than one year after the occurrence of the allegedly slanderous statements, Roeben's defamation claim against BG is barred by the statute of limitations.

■ Roeben argues that his claim against BG is not time-barred pursuant to the Arkansas savings statute.[3] Specifically, he contends that the dismissal of his third-party complaint in federal court on January 3, 2008, triggered the application of the savings statute, giving him one additional year to refile his defamation claim against BG. He claims that because his defamation complaint against BG was filed in Pulaski County Circuit Court on January 24, 2008, it was timely.

Our supreme court in *Carton v. Missouri Pacific Railroad Co.,* 295 Ark. 126, 128, 747 S.W.2d 93, 94 (1988), held that for the purposes of the savings statute, a dismissal of a complaint on a defendant's motion is the same as a nonsuit. While it could be considered that Roeben "suffer[ed] a nonsuit" as required in section 16–56–126(a)(1) of the savings statute, the statute does not apply because it also required that Roeben's slander action against BG be "commenced within the time respectively prescribed" for slander claims, which is one year. Ark.Code Ann. § 16–56–104(3). Roeben did not allege defamation against BG in either his discrimination complaint, his third-party complaint, or his amended complaint. His first allegations of defamation against BG are found in the January 24, 2008 Pulaski County Circuit Court complaint, well beyond the one-year statute-of-limitations

period. As BG correctly argues, "Roeben cannot invoke the Arkansas savings statute to revive a claim that never existed."

In the alternative, Roeben argues that his amended complaint, filed in federal court on March 1, 2007, related back to the date of the timely filed discrimination complaint. Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Fed. R.Civ.P. 15(c)(1)(B).

Roeben's amended complaint for defamation did assert a claim that arose out of the conduct set out in the original discrimination complaint. However, because the amended complaint failed to state any allegations of defamation against BG, there were no allegations of defamation against BG that could relate back to the original complaint. Accordingly, we affirm the trial court's grant of summary judgment in favor of BG on the statute-of-limitations issue.

■ Roeben next argues that the trial court improperly granted summary judgment to appellees because there is evidence that he suffered damages as a result of the defamation. He claims that his and his wife's testimony established reputational injuries. He points to the testimony of Ernest Lipkins, an employee of BG, who testified that when he first heard the statement that Roeben had stolen from the hotel, Lipkins had doubts about and

---

3. The Arkansas savings statute, found at Arkansas Code Annotated section 16–56–126(a)(1) (Repl.2005), provides

[i]f any action is commenced within the time respectively prescribed in this act, in §§ 16–116–101–16–116–107, in §§ 16–114–201–16–114–209, or in any other act, and

the plaintiff therein suffers a nonsuit, or after a verdict for him or her the judgment is arrested, or after judgment for him or her the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed.

thought less of Roeben. Finally, Roeben cites the testimony of BG employees that Roeben will face barriers in securing employment in the hotel industry. Appellees counter by arguing that Roeben suffered no damages because Lipkins also testified that "at no time ... that [sic] I believe that Dick Roeben was a thief." Further, appellees argue that Roeben's proof of "hypothetical" barriers in obtaining employment in the hotel industry is nothing more than speculation and conjecture.

A viable action for defamation turns on whether the communication or publication tends or is reasonably calculated to cause harm to another's reputation. *Northport Health Servs., Inc. v. Owens*, 356 Ark. 630, 641, 158 S.W.3d 164, 171 (2004). A plaintiff in a defamation case must prove reputational injury in order to recover damages. *Ellis v. Price*, 337 Ark. 542, 549, 990 S.W.2d 543, 547 (1999). A plaintiff must establish actual damage to his reputation, but the showing of harm is slight. *Ellis*, 337 Ark. at 549, 990 S.W.2d at 547. A plaintiff must prove that defamatory statements have been communicated to others and that the statements have detrimentally affected those relations. *Id.* at 549–50, 990 S.W.2d at 547. The law does not require proof of actual out-of-pocket expenses. *Id.*, 990 S.W.2d at 547.

Summary judgment on the issue of damages was inappropriate in this case because we hold that there are facts in dispute. Roeben and his wife gave sworn statements that Roeben's reputation had been injured, that he had been unable to secure employment, and that he had suffered from stress, hives, marital stress, and insomnia. We hold that this is sufficient evidence to present to the jury on the issue of damages. *Ellis v. Price*, 337 Ark. at 550, 990 S.W.2d at 548 (affirming trial court's denial of directed-verdict motion based upon insufficient evidence of damages in defamation cause; supreme court held that the testimony of plaintiff and her husband about the detrimental effect caused by defendant's statement that plaintiff was having an affair was "more than sufficient" to establish harm to reputation); *Hogue v. Ameron, Inc.*, 286 Ark. 481, 695 S.W.2d 373 (1985) (reversing directed verdict in favor of appellee, where the appellant, a state trooper, sued appellee for defamation after appellee wrote to the director of the state police complaining that appellant had driven an unlicensed vehicle and had yelled obscenities at him; appellant's own testimony and the vague testimony of one other witness that appellant's reputation had been harmed by the ensuing investigation of the incident was sufficient to go to jury on the issue of damages).

Also, Lipkins's testimony provided more evidence on the issue of damages. While Lipkins did testify that he ultimately did not believe that Roeben was a thief, he did initially have doubts about Roeben and thought less of him. Even if the statement is disbelieved by the person to whom it is communicated, damages may be mitigated, but nevertheless awarded, to the plaintiff because the injury to the plaintiff's reputation has already occurred to some degree. *Luster v. Retail Credit Co.*, 575 F.2d 609, 615 (8th Cir.1978) (decided under Arkansas law).[4] As such, we re-

4. In reversing summary judgment on the issue of damages, we are not relying upon Roeben's self-serving statement that he will face barriers in securing other employment in the hotel industry or the testimony of BG employees Sherrise Stephens and Juanita Hogan, who testified that Roeben would have difficulty finding employment in the hotel industry. Stephens and Hogan did not provide specific testimony that other potential employers were discouraged from hiring Roeben because of the alleged defamatory statement.

verse the trial court's grant of summary judgment on the issue of damages as to Sneed and Snellgrove.

■ Roeben's third argument on appeal is that the trial court erred in granting summary judgment because there is evidence of publication of the defamatory statements. An essential element in any slander suit is an unprivileged publication of the slander to a third party. *Wal–Mart v. Dolph*, 308 Ark. 439, 441, 825 S.W.2d 810, 811 (1992) (citing Restatement (Second) of Torts § 558 (1977)).

■ The trial court erred in granting summary judgment on this point as there is a fact question as to whether the defamatory statements were published. Snellgrove testified that Sneed said that Roeben was fired for stealing hotel property. Michael Livingston (another BG employee) testified that Sneed told him that Roeben was terminated for theft of hotel property. Wilcox, employed by AKB Property Preservation, testified that Sneed told her that Roeben possessed BG's property without permission. There was evidence that Sneed told Andrew Bergwalk and Jennifer Mitchell the reasons behind Roeben's termination. While the record is unclear as to whom Bergwalk's employer was, there is evidence in the record that Mitchell was not employed with BG at the time she received the information. Finally, Lipkins and Hogan both testified that they first heard why Roeben was terminated while in the employee lunch room when Snellgrove loudly stated to twenty to thirty other co-workers, "Tim Sneed had went to [Roeben's] home in Heber Springs and raided it and had found computer equipment, items belonging to the Peabody, that it was enough furniture that he found that it would take two 18–wheelers to haul it off."

Sneed and Snellgrove, relying upon *Ausler v. Arkansas Dep't of Education*, 245 F.Supp.2d 1024, 1033 (E.D.Ark.2003), argue that because all of the statements were between employees of BG acting within the course and scope of their employment, they were not published to third parties; therefore, they are not actionable. We disagree. First, there is evidence that the defamatory statements were made to at least two people not employed with BG (Wilcox and Mitchell). Second, there is evidence in the record demonstrating that Sneed and Snellgrove repeated the defamatory statement outside the course and scope of their employment by BG. Snellgrove published the statement to a crowded lunch room. Evidence also shows that Sneed published the statement to Bergwalk and Mitchell for no known business purpose. Because there was sufficient evidence of publication, we reverse the trial court on this issue as it relates to Sneed and Snellgrove.

■ For his final point, Roeben argues that the trial court erred in granting summary judgment to BG and Sneed based upon the qualified privilege.[5] A qualified privilege is recognized in many

See *Addington v. Wal–Mart*, 81 Ark. App. 441, 455, 105 S.W.3d 369, 379 (2003) (affirming summary judgment on issue of damages where there was no evidence presented, other than appellant's assertion, that his reputation was harmed by the defamation among those with whom he did business). Further, Stephens and Hogan were not experts in the hospitality field. *Owens*, 356 Ark. at 642, 158 S.W.3d at 172 (affirming judgment in defamation claim on issue of damages, where there was evidence from appellees and a nursing consultant, who testified that she would not hire someone for a nursing home who had been reported for adult abuse or neglect).

5. Because we have affirmed summary judgment as to BG on other grounds, we only address Roeben's argument as it relates to Sneed.

cases where the publisher and the recipient have a common interest, and the communication is of a kind reasonably calculated to protect or further it. *Navorro-Monzo v. Hughes,* 297 Ark. 444, 449–50, 763 S.W.2d 635, 637 (1989) (citing W. Keeton, *Prosser and Keeton on the Law of Torts* § 115 (5th ed.1984)). It is a condition and qualification of the privilege that the utterance must be exercised in a reasonable manner and for a proper purpose. *Navorro–Monzo,* 297 Ark. at 450, 763 S.W.2d at 637. Therefore, if the person making the statement steps outside the bounds of the privilege or abuses the privilege, the qualified privilege is lost. *Id.,* 763 S.W.2d at 637. The immunity does not extend to a publication of irrelevant defamatory statements which have no relation to the interest entitled to protection. *Id.,* 763 S.W.2d at 637. The qualified privilege is lost if the publication is not made for the purpose of furthering the common interest. *Id.,* 763 S.W.2d at 637 (citing Restatement (Second) of Torts, § 603 (1977)).

■■■■■■ We hold that there are disputed facts as to whether the qualified privilege applies to Sneed. There are some facts that establish that Sneed made the allegedly defamatory statement to Wilcox, Snellgrove, and Livingston in his capacity as the director of engineering for BG—within the course and scope of his employment—and as part of BG's investigation of Roeben. However, there are other facts demonstrating that Sneed also told Bergwalk and Mitchell why Roeben was terminated. The record reveals that Mitchell was not an employee of BG at the time she received the information. Moreover, the record is void of facts establishing the purpose for which Sneed volunteered the allegedly defamatory information to Bergwalk and Mitchell. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Forrest City Mach. Works, Inc. v. Mosbacher,* 312 Ark. 578, 583, 851 S.W.2d 443, 446 (1993). Because the record contains disputed facts on the issue of the applicability of the qualified privilege as to Sneed, we hold that the trial court erred in granting summary judgment in his favor, and we reverse on this point.

Affirmed in part; reversed in part.

ROBBINS and BAKER, JJ., agree.