ROSE *v.* CHRISTINET.

Opinion delivered February 10, 1906.

1. JURISDICTION—DEFINITION.—Jurisdiction of courts is the power to hear and determine a cause. (Page 585.)

2.  SAME—OF JUSTICES OF THE PEACE.—The jurisdiction of justices of the peace in actions for damages to personal property being limited in amount to $100, the jurisdiction of the circuit court on appeal is also limited to that amount, as it acquires by appeal only such jurisdiction as the justice of the peace had.  (Page 586.)

3.  SAME—AMENDMENT ASKING EXCESSIVE AMOUNT—HOW CURED.—Where the original complaint in an action before a justice of the peace stated a cause of action within the court's jurisdiction, but an amendment was filed in the circuit court on appeal seeking to recover an amount in excess of such jurisdiction, the error of allowing the amendment may be cured by rejection or withdrawal of the amendment, but not by a remittitur of the excess of the judgment.  (Page 585.)

Appeal from Pulaski Circuit Court; EDWARD W. WINFIELD, Judge; reversed.

*Charles T. Coleman,* for appellant.

1.  On appeal from the justice of the peace court, the jurisdiction of the circuit court is derived from, and dependent upon, the appeal.  It can render no judgment that the justice is not authorized to render.  44 Ark. 379; 40 Ark. 556; 43 Ark. 107; 61 Ark. 33; 57 Ark. 258.  In matters of damages to personal property the jurisdiction of the justice, and of the circuit court on appeal, is limited to one hundred dollars.  Art. 7, sec. 40, Const. 1874; Kirby's Digest, § 4552.  Damages for wrongful detention is within the purview of "damage to personal property."  41 Ark. 478.  Such judgment by a justice of the peace could have been void, and the circuit court could have acquired no jurisdiction on appeal.  43 Ark. 107; 44 Ark. 100; 45 Ark. 346; 66 Ark. 346. See also 61 Ark. 34.

2.  By permitting the amendment, the circuit court ousted itself of jurisdiction.  Works on Courts and Jur. 67; 45 Ind. 219; 8 Blackf. 130; 31 Kan. 212; 21 Ohio St. 659; 153 Pa. 150; 48 Mich. 148; 86 N. C. 364.  The judgment, being void, could not be cured by remittitur.  43 Ark. 107; 45 Ind. 219; 98 Pa. St. 457.

Appellee, *pro se.*

1.  A verdict for excessive damages may be cured by release of the excess, in actions for torts, as well as actions on contracts. 39 Ark. 491; 30 Ark. 505; 37 Ark. 549.  Remittitur of excess damages is proper under the Code.  28 Ark. 188; 38 Ark. 238.

2.  In an action of replevin, the damages recovered for detention of the property are not limited to such as have accrued

when the suit is instituted, but may be estimated to date of verdict. · 51 Ark. 301; 36 Ark. 260; 34 Ark. 184; 37 Ark. 544; 24 Ark. 264; Sand. & H. Digest, § 6399.

3. Authorities cited by appellants are not applicable to this case in determining the jurisdiction. The amount sued for and the verdict and judgment were within the jurisdiction of the justice of the peace, and the circuit court unquestionably had jurisdiction on appeal. Art. 7, sec. 40, Const. 1874; Kirby's Digest, § 4552; 62 Ark. 209; 48 Ark. 293; 45 Ark. 346; 44 Ark. 100; 47 Ark. 59; 13 Ark. 40; 7 Ark. 258.

McCULLOCH, J. The plaintiff, Lizette Christinet, brought an action of replevin before a justice of the peace of Pulaski County against the Gaskill-Mundy Carnival Company and Frank W. Gaskill to recover possession of a contrivance called "Cycle Dazzle Track" or its value, alleged to be $100, and damages in the sum of $25 for detention of the same. An order of delivery was issued and served, and the defendants gave bond to retain possession of the property. Judgment was rendered by the justice of the peace in favor of the plaintiff for recovery of said property or its value, $100, and damages in the sum of $25, and the defendant appealed to the circuit court.

In the circuit court the plaintiff, by leave of court and over the objection of the defendants, filed an amended complaint, in which she alleged the value of the article sued for to be $175, that it had been damaged by defendants in the sum of $113.46, and that plaintiff had sustained damages in the sum of $1,537.50 for the detention thereof.

A trial was had upon the amended complaint, which resulted in a verdict in favor of the plaintiff for the recovery of the property or its value, $61.54, damages to same in sum of $113.46, and damages for detention in the sum of $320, and judgment was rendered accordingly.

The defendant filed a motion for new trial, and also a motion to dismiss the cause on the alleged ground that the cause of action was not within the jurisdiction of the court. Thereupon the plaintiff was permitted to remit the judgment for damages to the property down to $100, and also the damages for detention down

to $40, and both the motions of defendants were overruled, and they appealed to this court.

Jurisdiction of courts is defined to be "the power to hear and determine a cause." 1 Freeman on Judgments, § 118.

The jurisdiction of justices of the peace in actions for damages to personal property is limited to $100 in amount, and on appeal to the circuit court the jurisdiction of that court is limited to that amount, because the circuit court thereby acquires only such jurisdiction as the justice of the peace had. *Little Rock, M. R. & T. Ry. Co.* v. *Manees,* 44 Ark. 100; *Whitesides* v. *Kershaw,* 44 Ark. 377; *Bunch* v. *Potts,* 57 Ark. 257.

It is urged, however, that, as the court had jurisdiction originally, the defect in jurisdiction by reason of the excessive amount claimed in the amended complaint was cured by the remittitur entered after judgment. The cause of action set forth in the amended complaint was for an amount in excess of the jurisdiction of the court, and the court therefore had not "the power to hear and determine the cause." It matters not that the court rendered judgment only for an amount which was within its jurisdiction; if the amount stated in the complaint was above the jurisdictional amount, the judgment was void because of the lack of power in the court to render it.

In the case of *Little Rock, M. R. & T. Ry. Co.* v. *Manees, supra,* suit was brought before a justice of the peace to recover damages to personal property laid in the sum of $125, and in a trial in the circuit court on appeal that court rendered judgment for $100, which sum is within the jurisdiction of the justice, but this court held that the court was without jurisdiction, and vacated the judgment, and dismissed the cause.

In the first place, the court erred in allowing an amendment which raised the amount in controversy beyond its jurisdiction, and the final judgment of the court was void because it was rendered upon a cause of action which it did not have jurisdiction to hear and determine. The court should either have rejected the amendment or dismissed the cause for want of jurisdiction. It could not proceed to judgment upon the cause of action stated in the amendment. The remittitur after judgment did not give force to the void judgment. Works on Courts & Jurisdiction,

p 67; *Pritchard* v. *Bartholomew,* 45 Ind. 219; *Bickett* v. *Garner,* 21 Ohio St. 659; *Cross* v. *Eaton,* 48 Mich. 184.

Where an amount in excess of the jurisdiction of the court is stated in the original complaint, and judgment therefor prayed, jurisdiction can not be afterwards conferred by amendment reducing the amount; but where jurisdiction is rightfully conferred, as in this case, by the original statement of a cause of action of which the court had jurisdiction, the allowance of an amendment increasing the amount beyond the jurisdiction is an error which may be corrected by rejection or withdrawal of the amendment, leaving the cause resting upon the statements of the original complaint. The distinction lies in the fact that in the one case the court never acquired jurisdiction at all, and none is conferred by an amendment reducing the amount claimed, and in the other the court acquired jurisdiction upon the cause of action originally stated, and the rejection or withdrawal of an improper amendment preserves the jurisdiction.

The judgment is therefore reversed, and the cause remanded with leave to the plaintiff to withdraw the amendment and proceed to trial upon the original complaint; otherwise, that the cause be dismissed.