COMBINED INSURANCE COMPANY OF
AMERICA *v.* Laverne C. DREYFUS

5-4589                                    428 S. W. 2d 239

Opinion delivered May 27, 1968

*N. M. Norton,* for appellant.

*Fletcher Long,* for appellee.

Lyle Brown, Justice. This action originated in the municipal court of Forrest City. Appellee, Mrs. Laverne C. Dreyfus, brought suit against appellant, Combined Insurance Company of America, to recover $243.33, two statutory penalties, and attorney's fees. The suit was based on a hospitalization policy issued by appellant to appellee. In municipal court appellee recovered a judgment exceeding the $300 jurisdictional limit of the municipal court. On appeal to circuit court the judgment likewise exceeded the jurisdictional limit of the municipal court.

Mrs. Dreyfus applied for hospital insurance and was issued a policy by the Company in January 1964. An issue not here pertinent although argued caused the Insurance Company to controvert the claim. The contract for insurance specifically excluded any sickness that arose prior to a 30-day waiting period. It was the Insurance Company's position that the sickness (diabetes) was known to Mrs. Dreyfus at the time of the application for insurance. The judge sitting as a jury found in favor of Mrs. Dreyfus.

On appeal the Insurance Company challenges the jurisdiction of the municipal court to award statutory penalties and attorney's fees as provided by Ark. Stat. Ann. § 66-3238 (Repl. 1966). In the alternative, the appellant argues that even if the municipal court had jurisdiction as to the subject matter, it contends the amount claimed under the policy, the statutory penalties, and the attorney's fees must be added together to determine the amount in controversy. It is clear in the case at bar that if the penalties and fees are to be included in the calculation of the amount in controversy, the cause of action exceeded the $300 jurisdictional limit.

In order to determine whether the municipal court had jurisdiction we must look to the grant of powers. The Arkansas Constitution of 1874, Art. 7, Sec. 40, defines the specific areas of jurisdiction. The powers are very limited. In matters of contract it has exclusive jurisdiction up to $100 and concurrent with circuit court in controversies up to $300. It has no jurisdiction on matters exceeding $300, not including interest. Other grants of jurisdiction are not here pertinent.

The problem in this case is not unlike that raised in *American Liberty Mutual Ins. Co.* v. *Washington,* 183 Ark. 497, 36 S. W. 2d 963 (1931). In that case a claim for statutory penalty and attorney's fee was prayed for in addition to the amount owing under the insurance policy. The suit was in a justice court. A statutory penalty

and attorney's fee were demanded under the same statute as in the case at bar. (It should be here noted that a municipal court has the same jurisdiction authority as a justice court.) We there held that the statute authorizing penalty and attorney's fees "becomes a part of the contract of insurance."

Appellant cites *Baltimore & Ohio Telegraph Co.* v. *Lovejoy,* 48 Ark. 301, 38 S. W. 183 (1886), contending that the municipal court could not exercise jurisdiction on a penalty. In that case the penalty resulted from the breach of duty by the defendant by failing to send a telegram. The statutory penalty was held to be based, not on a contract to transmit, but on a neglect of duty which sounded in tort. Jurisdiction of a penalty per se is not vested in municipal courts. The jurisdiction of a municipal court in a given case must come within the express language of the constitution or within the incidental or necessarily implied authority of the express grants of jurisdiction. *Temple et al* v. *Lawson,* 19 Ark. 148 (1857).

Support for the argument that the penalty is to be considered a part of the "amount in controversy" (Ark. Stat. Ann. § 22-709 [Repl. 1962]) can be found in decisions under the federal removal statute. Under the Arkansas decisions on computing the "amount in controversy" for federal removal of cases, this court has on numerous occasions stated that the statutory penalty was to be considered part of the amount in controversy.

Appellee contends that the attorney's fees by statute are to be considered part of the costs and not included in the calculation of the amount in controversy. Specifically, Ark. Stat. Ann. § 66-3238 provides that attorney's fees are to be "taxed up as other costs are, or may be by law collected . . . ." Appellant on the other hand contends that the mere label by the legislature cannot expand the monetary limits of the court.

There is a wide divergence of views on this matter throughout the country. Our court at one time held in a federal removal case that attorney's fees are not part of the amount in controversy. *Missouri State Life Ins. Co. v. Johnson,* 186 Ark. 519, 54 S. W. 2d 407 (1932). On appeal to the Supreme Court that decision was reversed. *Missouri State Life Ins. Co. et al v. Jones, Admr.,* 290 U. S. 199 (1933). Our court in the next statement on the subject said, "In accordance with the opinion of the Supreme Court of the United States, we must now hold that, when a reasonable attorney's fee is a matter of controversy, and when such fee, added to the specific sum in controversy, aggregates a sum in excess of $3,-000, and all other requisites are present, such cause of action is removable from State to the Federal courts." *Pacific Mutual Life Ins. Co.* v. *Bierman,* 188 Ark. 703, 67 S. W. 2d 577 (1934). Although that decision is not here controlling, it would promote consistency in reasoning and definition of terms to here apply the same rule.

Kansas has a similar penalty statute as ours and their statute was interpreted in *Gants* v. *National Fire Ins. Co. et al,* 273 P. 406, 127 Kan. 251 (1929). That court said:

"In the consideration of this question in 2 R.C.L. 30, attorney fees, when taxed as costs, were called extraordinary costs, and in a number of jurisdictions they are distinguished from the usual and ordinary costs as not being subject to the discretion of the court, and are therefore appealable matters. The allowance of such fees requires a judicial determination in two respects—first, whether the particular case under consideration is one in which it was contemplated such a fee should be allowed; and, second, the amount of the fee that would be reasonable under all the circumstances of the case. These determinations are purely and strictly judicial, and subject to review for errors in the conclusions reached, and bear no relation to costs in the case

except as the statute provides that they are to be recovered and collected as part of the costs."

See also *People of Sioux County, Nebraska* v. *National Surety Co.*, 276 U. S. 238 (1928).

We hold that a municipal court does have jurisdiction under Ark. Stat. Ann. § 66-3238 for the amount claimed under the policy of insurance, the statutory penalty, and the statutory attorney's fees, when the sum total amount in controversy does not exceed $300.

The municipal court never had jurisdiction because the amount of recovery sought patently exceeded the jurisdictional limit. It follows that the circuit court never had jurisdiction in this action because its jurisdiction is dependent on that of the municipal court. *Whitesides* v. *Kershaw & Driggs,* 44 Ark. 377 (1884); *Markham* v. *Evans,* 239 Ark. 1154, 397 S. W. 2d 365 (1965).

Reversed and dismissed without prejudice.