[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #105
The Plaintiff, Rhona Smolian Bork, filed this divorce action against the Defendant, Irving Bork. In addition to dissolution of the marriage, the Plaintiff seeks joint custody, child support, alimony and property division. The Defendant filed a motion to dismiss on the following grounds: (1) the court lacks jurisdiction over child custody pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA); (2) the court lacks jurisdiction over child support pursuant to the Uniform Interstate Family Support Act (UIFSA); (3) the court lacks jurisdiction over alimony pursuant to the UIFSA; (4) the court lacks jurisdiction over property division because the court does not have personal jurisdiction over the Defendant; and (5) the entire complaint should be dismissed because Connecticut is not the appropriate forum for this action. The Plaintiff concedes that pursuant to the UCCJA, the court lacks subject matter jurisdiction over child custody because the state of New York has issued a valid child custody order. See General Statutes § 46b-96. The Plaintiff further concedes that pursuant to the UIFSA, the court lacks subject matter jurisdiction over child support because the state of New York has issued a valid child support order. See General Statutes § 46b-212g.
This court also lacks subject matter jurisdiction over the Plaintiffs claim for alimony because the state of New York has issued a valid spousal support order. Pursuant to the UIFSA, the issuing state of a spousal support order "has continuing exclusive jurisdiction over a spousal support order throughout the existence of the support obligation." General Statutes §46b-212h (f). Connecticut "may not modify a spousal support order issued by a tribunal of another state having continuing exclusive jurisdiction over that order under the law of that state." General Statutes § 46b-212h (f). Here, the state of New York has issued a valid spousal support order and has continuing exclusive jurisdiction over that order. Consequently, the court lacks subject matter jurisdiction over the Plaintiff's claim for alimony. Accordingly, the court grants the Defendant's motion to dismiss the Plaintiff's claims for child custody, child support and alimony. CT Page 3838
The court does have jurisdiction over the Plaintiffs claim for property division because it has personal jurisdiction over the Defendant. "The short of the matter is that jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of `traditional notions of fair play and substantial justice.'" Burnham v. Superior Court, 495 U.S. 604,619, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990). "Connecticut has traditionally asserted personal jurisdiction over nonresidents who are voluntarily present in the state. . . . There is no indication that such service is no longer valid in Connecticut." (Citations omitted.) McIntosh v. McIntosh, Superior Court, judicial district of New London at New London, Docket No. 537143 (November 20, 1996 Hurley, J.T.R.,), aff'd, 47 Conn. App. 907,701 A.2d 351 (1997). Here, when the Defendant was in Connecticut to visit his daughter at a time he arranged, a sheriff served him in his car. As a result, the court has personal jurisdiction over the Defendant. See id. (holding the court has personal jurisdiction over the Defendant when the Defendant was served with process in Connecticut).
Connecticut "will not exercise jurisdiction in a civil case which is based upon service of process on a Defendant who has been decoyed, enticed or induced to come within the court's jurisdiction by any false representation, deceitful contrivance or wrongful device for which plaintiff is responsible. . . . This rule does not apply, however, `when the Defendant enters the state on his own, even if the Plaintiff and his agents then engage in trickery to make service of process.'" Howe v. Howe, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 382747 (May 3, 1991, Steinberg, J.). Here, the Plaintiff voluntarily came to Connecticut to visit his daughter. No due process issue is presented because the Defendant has significant connections to Connecticut including his ownership interest in several properties located here and because he presently is involved in litigation in Connecticut courts related to these properties. Consequently, no abuse of process occurred by serving the Defendant in Connecticut because he voluntarily entered this state. See Howe v. Howe, supra, Superior Court, Docket No. 382747 (holding no abuse of process when "defendant voluntarily came to Connecticut on numerous occasions to visit his son."); Babouder v. Abdennur, 41 Conn. Sup. 258,262, 566 A.2d 457 (1989) (holding no abuse of process when "defendant came to Connecticut voluntarily, and the attempt to serve him did not occur until after he had arrived."). As a CT Page 3839 result, the court does have jurisdiction over the Plaintiffs claim for property division because the court has personal jurisdiction over the Defendant and no abuse of process occurred[1]. Accordingly, the court denies the Defendant's motion to dismiss the Plaintiffs claim for property division.
The court has jurisdiction to dissolve the marriage because the Plaintiff meets the residency requirements. A decree of dissolution may not enter until the time requirements of §46b-44 (c) have passed, but the action may be maintained. "A complaint for dissolution of a marriage . . . may be filed at any time after either party has established residence in this state." General Statutes § 46b-44 (a). Accordingly, the court denies the Defendant's motion to dismiss the Plaintiff's action for dissolution of marriage.
HILLER, J.