Dave FRENCH *v.* Doyle WEBB

CA 02-473                                        96 S.W.3d 740

Court of Appeals of Arkansas
Division II
Opinion delivered January 29, 2003

*Lovell, Nalley, Herzfeld & Payne*, by: *John Doyle Nalley*, for appellant.

*Wright, Lindsey & Jennings, LLP*, by: *Edwin L. Lowther, Jr.* and *Justin T. Allen*, for appellee.

R OBERT J. GLADWIN, Judge. The appellant, Dave French, initiated this litigation in the Benton Municipal Court by filing a small-claims action for legal malpractice against the appellee, Doyle Webb. The municipal court ruled in favor of Webb.

French appealed the judgment to the Saline County Circuit Court. The circuit court granted summary judgment in favor of Webb, reasoning that the municipal court lacked subject-matter jurisdiction and, therefore, so did the circuit court. French appeals this ruling, arguing that the circuit court erred in granting summary judgment based on lack of subject-matter jurisdiction. We disagree and affirm.

French, a heating and air contractor, contracted with a general contractor, Metcon, to do work on property owned by Pen Chen Kung for which he was to be paid $10,338.19. He received partial payment of $5000 and submitted a final bill to Metcon on December 12, 2001. Metcon and Kung became involved in a dispute, and when French approached Kung about being paid, Kung referred French to his attorney, Webb.

French and Webb met at Webb's office. French alleges that he inquired about Webb filing a lien on the property for him and that Webb assured French that he would be paid. Webb denies that this occurred. Webb stated that he advised French that he could not represent French because he represented Kung and that French should obtain other counsel.

On January 26, 2000, French filed suit against Webb in the small-claims division of the Benton Municipal Court. On the standard small-claims complaint form, French listed the nature of the claim as malpractice. In the body of the complaint, French alleged that Webb had intentionally misled him.

On July 31, 2000, an order was entered, stating:

> Now on this 9[th] day of June, 2000, this matter comes on for hearing. The plaintiff Dave E. French appearing in person, and the defendant, Doyle L. Webb, also appearing in person, and the Court does find: 1. That the court finds for the defendant. It is so ordered. Signed Judge Robert Tolson.

French appealed this order to circuit court. The circuit court granted Webb's motion for summary judgment, ruling that it lacked subject-matter jurisdiction because the municipal court lacked subject-matter jurisdiction and that the true amount in controversy exceeded the municipal court's $5000 jurisdictional limit.

The jurisdiction of municipal courts is governed by Ark. Code Ann. § 16-17-704 (Repl. 1999):

> (a) The municipal court shall have original jurisdiction, coextensive with the county wherein the court is situated, over the following matters:
>
> (1) Exclusive of justices of the peace and of the circuit court, over violations of all ordinances passed by the city council of the city or quorum court of the county wherein the municipal court is situated;
>
> (2) Exclusive of justices of the peace in townships subject to this subchapter and concurrent with the circuit court, over misdemeanors committed within the county and the issuance of search warrants within the county;

(3) Concurrent with the justices of the peace, and exclusive of the circuit court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars ($100), excluding interest;

(4) Concurrent with the circuit court in matters of contract where the amount in controversy does not exceed the sum of five thousand dollars ($5,000), excluding interest;

(5) Concurrent with the circuit court in actions for the recovery of personal property where the value of the property does not exceed the sum of five thousand dollars ($5,000); and

(6) Concurrent with the circuit court in matters of damage to personal property where the amount in controversy does not exceed the sum of five thousand dollars ($5,000), excluding interest.

(b) Municipal courts shall have jurisdiction to sit as examining courts, and to commit, discharge, or recognize offenders to the court having jurisdiction of the trial, and to bind persons to keep the peace or behavior.

(c) The jurisdiction of the courts as provided in this subchapter shall be coextensive with the county. In counties having two (2) judicial districts, the jurisdiction shall be limited to the district in which the court is situated.

■ ■ When the municipal court lacks subject-matter jurisdiction of the original cause, then the circuit court acquires none on appeal. *Miles v. Southern*, 297 Ark. 274, 760 S.W.2d 868 (1988). Although French styled his cause of action "malpractice" in the small-claims complaint, he argues on appeal that the complaint was based on breach of contract and promissory estoppel. The complaint alleges no facts to support the argument that French and Webb entered into a contract. A careful reading of both the original complaint and the amended complaint filed in circuit court shows that French's claim is actually based on fraud: his grievance is that Webb misled him by telling him there was no need to file a lien and promising him that he would be paid. Fraud is an action in tort and an action over which the municipal court lacks subject-matter jurisdiction. See Ark. Code Ann. §16-17-704. Therefore, the circuit court also lacked subject-matter jurisdiction on appeal.

■ ■ On appellate review, we determine if summary judgment was proper based upon whether the evidence presented

by the movant left a material question of fact unanswered. *City of Dover v. Barton*, 342 Ark. 521, 29 S.W.3d 698 (2000). The defense of lack of subject-matter jurisdiction may, at the option of the pleader, be made by motion. Ark. R. Civ. P. 12(b)(1).

Under some circumstances, a summary-judgment motion is an extension of a motion to dismiss for failure to state a claim. In *Joey Brown Interest, Inc. v. Merchants National Bank of Fort Smith*, 284 Ark. 418, 683 S.W.2d 601 (1985), the court held it was appropriate for the trial court to grant summary judgment on a failure to state a claim, which would be more appropriately pled as an Ark. R. Civ. P. 12(b)(6) motion to dismiss due to failure to state facts upon which relief can be granted. Subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by the appellate court. *Terry v. Lock*, 343 Ark. 452, 37 S.W.3d 202 (2001). Although the motion for summary judgment in this case would have been more appropriately made as a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter, the distinction is immaterial because the question was the same: whether the appellant had no claim due to lack of subject-matter jurisdiction. *See Joey Brown Interest*, 284 Ark. 418, 683 S.W.2d 601 (1985). Because the action was for fraud, over which the municipal court had no jurisdiction, the circuit court's finding that it too lacked subject-matter jurisdiction is affirmed.

Because the issue of subject-matter jurisdiction is dispositive in this case, we need not address appellant's contention that the court erred in granting summary judgment due to the amount in controversy exceeding the jurisdictional limit.

Affirmed.

ROAF and NEAL, JJ., agree.