2009 Ark. App. 701

**Steven W. PIPER, Appellant,**

v.

**POTLATCH FEDERAL CREDIT UNION, Appellee.**

No. CA 09–234.

Court of Appeals of Arkansas.

Oct. 28, 2009.

Gibson & Keith, PLLC, Monticello, by: Jenny Lemoine, for appellant.

Audrianna Grisham, P.A., by: Audrianna Grisham, for appellee.

**LARRY D. VAUGHT, Chief Judge.**

Appellant Steven Piper appeals the order of the Drew County Circuit Court granting appellee Potlatch Federal Credit Union's motion to dismiss his district-court appeal in a civil case. Piper argues that the circuit court erred when it failed to grant his motion to vacate the default judgment entered against him by the district court because that court was without subject-matter jurisdiction. We agree and reverse the circuit court's order, vacate the default judgment against Piper, and dismiss Potlatch's complaint.

On December 13, 2001, Potlatch filed a complaint against Piper in the District Court of Monticello, Arkansas, Civil Division, alleging that Piper owed Potlatch $3,896.24 plus pretrial interest, court costs, and attorney's fees of $1,298. On April 3, 2002, Potlatch filed a motion for default judgment, alleging that proper service of the summons and complaint was made upon Piper on February 18, 2002, and that he failed to timely answer the complaint. Default judgment was entered by the district court on or about April 3, 2002, awarding Potlatch $3,896.24, post-judgment interest, pre-judgment interest, and an attorney's fee of $500.

On September 5, 2002, Potlatch filed a motion for contempt alleging that Piper failed to comply with the default judgment

by timely filing a schedule of assets and sought an order directing Piper to appear and explain why he should not be held in contempt and sanctioned. Piper was ordered to attend a hearing on Potlatch's contempt motion on April 7, 2004; however, he failed to appear. An order for body attachment for contempt of court was thereafter entered by the district court on August 10, 2004, commanding the sheriff to "take and keep" Piper to guarantee his appearance before the court.

According to Piper's brief, he was served with the order for body attachment on March 21, 2008. Thereafter, on May 29, 2008, he filed a motion to dismiss the district-court complaint, alleging that the court lacked subject-matter jurisdiction. Specifically, Piper alleged that the amount in controversy in Potlatch's complaint— $3,896.24 debt and $1,298 attorney's fees— exceeded the $5,000 jurisdictional limit of the district court.

On August 20, 2008, the district court entered a letter opinion wherein it denied Piper's motion to dismiss. The district court found that the underlying debt of $3,896.24, plus the $500 attorney's fee that was actually awarded, along with post-judgment interest and costs, did not exceed the $5,000 jurisdictional amount. The district court further found that it had jurisdiction and had acted properly in awarding the default judgment against Piper.

On September 18, 2008, Piper filed a notice of appeal to the Circuit Court of Drew County. Potlatch moved to dismiss the appeal, claiming that Piper's appeal to circuit court was without merit and untimely as per Rule 9 of the Arkansas Inferior Court Rules. On November 17, 2008, the circuit court entered an order granting Potlatch's motion to dismiss Piper's appeal:

It is obvious that the amount of the judgment did not exceed the jurisdictional limit of the District Court. It is also clear that the original contractual amount did not exceed the jurisdictional amount. The Court is of the opinion that the original claim for attorney fees did not divest the Court of its subject matter jurisdiction. Attorney fees generally are considered as a separate claim and the Court has discretionary power to grant or deny.

... [T]he Court finds that [Piper's] appeal of the District Court's ruling to dismiss or set aside the default judgment entered on April 3, 2002 for lack of subject matter jurisdiction is without merit and should be dismissed. Further, the Court finds an appeal of a judgment in District Court is required to be filed in Circuit Court within thirty (30) days of entry. This requirement has not been complied with and same should be dismissed.

■ Piper argues that the circuit court erred in dismissing his appeal of the district-court default judgment because the judgment was null and void. · He argues that the district court had no subject-matter jurisdiction to enter the default judgment because the amount in controversy exceeded the district court's jurisdictional limit.

■ Our review requires interpretation of an Arkansas statute: the standard of review is de novo because it is for this court to determine what a statute means. *Wal–Mart Stores, Inc. v. D.A.N. Joint Venture III, L.P.,* 374 Ark. 489, 490–91, 288 S.W.3d 627, 629 (2008). The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Wal–Mart Stores,* 374 Ark. at 490–91, 288 S.W.3d at 629. Reviewing issues of statutory interpretation, we first construe a statute just as it reads, giving the words

their ordinary and usually accepted meaning in common language. *Id.*, 288 S.W.3d at 629. When the language of a statute is plain and unambiguous, conveying a clear and definite meaning, the court does not resort to the rules of statutory construction. *Id.* at 491, 288 S.W.3d at 629. If there is an ambiguity, the court looks to the legislative history of the statute and other factors, such as the language used and the subject matter involved. *Id.*, 288 S.W.3d at 629. The court strives to reconcile statutory provisions relating to the same subject to make them sensible, consistent, and harmonious. *Id.*, 288 S.W.3d at 629.

The statute that governed the jurisdiction of municipal courts in December 2001 (when Potlatch filed its complaint) was Arkansas Code Annotated section 16–17–704 (Repl.1999). The statute provided:

(a) The municipal court shall have original jurisdiction, coextensive with the county wherein the court is situated, over the following matters:

. . .

(4) Concurrent with the circuit court in matters of contract where the amount in controversy does not exceed the sum of five thousand dollars ($5,000), excluding interest.

Construing this statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, it is evident that interest is specifically excluded for the purpose of calculating the amount in controversy for municipal-court jurisdiction. Significantly, attorney's fees are not excluded. A fundamental principle of statutory construction, the phrase *expressio unius est exclusio alterius*, which means that the express designation of one thing may be properly construed to mean the exclusion of another, *MacSteel v. Ark. Okla. Gas Corp.*, 363 Ark. 22, 31, 210 S.W.3d 878, 883 (2005), applies in this case.

The statute specifically designated that interest is excluded from the calculation of the amount in controversy; however, the statute did not similarly designate attorney's fees. We hold, therefore, that under the applicable statute, Potlatch's specific request in its complaint to recover attorney's fees of $1,298 should be included in determining the amount in controversy for purposes of subject-matter jurisdiction.

This conclusion is bolstered by the General Assembly's more recent changes to the jurisdictional limits of the district courts. Effective July 1, 2001, municipal courts became district courts. Ark. Const. amend. 80, § 7. Thereafter, the legislature approved Act 1185 of 2003 § 164, which became effective January 1, 2005, that repealed section 16–17–704 and provided that district courts shall have subject-matter jurisdiction as established by supreme court rule. Our supreme court then promulgated Administrative Order No. 18, which originally provided that the district court shall have original jurisdiction "concurrent with the circuit court in matters of contract where the amount in controversy does not exceed the sum of five thousand dollars ($5,000), excluding interest." *In re Adoption of Admin. Order No. 18 & Amend. of Dist. Court R. (Formerly Known as Inferior Court Rules)*, 360 Ark. App'x 601, 603 (2005) (per curiam). However, on September 27, 2007, our supreme court amended Administrative Order No. 18, which now provides that the district court shall have original jurisdiction over civil matters concurrent with the circuit court in matters of contract where the amount in controversy does not exceed the sum of five thousand dollars ($5,000), excluding interest, costs, and attorney's fees. *In re Admin. Order No. 18—Jurisdiction of Pilot State Dist. Court Judgeships*, 371 Ark. App'x 673 (2007) (per curiam). Because Administrative Order No. 18 now

specifically excludes attorney's fees from the amount in controversy for purposes of determining district-court jurisdiction, we can infer that prior law did not.

 Moreover, case law supports the conclusion in this case that attorney's fees should be [6]included in determining the amount in controversy. Our supreme court has generally accepted the amount pleaded in the plaintiff's complaint as the amount in controversy when that amount is significant in determining whether a court has jurisdiction. *Steward v. Wurtz*, 327 Ark. 292, 297, 938 S.W.2d 837, 839 (1997). The jurisdiction of a court is determined by the amount sought to be recovered and not merely by the amount of the actual recovery. *Magnet Cove Barium Corp. v. Watt*, 215 Ark. 170, 171, 219 S.W.2d 761, 761 (1949). If the amount stated in the complaint was above the jurisdictional amount, the judgment was void because of the lack of power in the court to render it. *Rose v. Christinett*, 77 Ark. 582, 585, 92 S.W. 866, 867 (1906). It matters not that the court rendered judgment for an amount that was within its jurisdiction. *Id.*, 92 S.W. at 867. In the case at bar, it is undisputed that the face of Potlatch's complaint sought recovery in excess of the $5,000 jurisdictional limit.

In *Combined Insurance Company of America v. Dreyfus*, 244 Ark. 1011, 428 S.W.2d 239 (1968), our supreme court was presented with facts very similar to those in the instant case. There, Dreyfus brought suit for $243.33 plus statutory penalties and attorney's fees against his insurance company under a hospitalization policy. The jury rendered a verdict in favor of Dreyfus, and the insurance compa-

ny appealed, challenging the jurisdiction of the district court. *Dreyfus*, 244 Ark. at 1012, 428 S.W.2d at 239. The insurance company argued that the jurisdictional limit of the district court was $300, and it was clear that the combined amount of the damages, penalties, and attorney's fees exceeded the limit. *Id.* at 1012, 428 S.W.2d at 239–40.

The Arkansas Supreme Court in *Dreyfus* relied on cases dealing with the federal removal statute and cited a United States Supreme Court case, *Missouri State Life Ins. v. Jones*, 290 U.S. 199, [7]202, 54 S.Ct. 133, 78 L.Ed. 267 (1933), where the Court held that attorney's fees imposed by statute was a "benefit—to collect something to which the law gave him a right," and the demand for same "became part of the matter put in controversy by the complaint, and not mere 'costs' to be excluded" by the jurisdictional and removal statutes. *Dreyfus*, 244 Ark. at 1014, 428 S.W.2d at 240 (citing *Jones*, 290 U.S. at 202, 54 S.Ct. 133).[1] The *Dreyfus* court continued by stating that while the removal decisions are "not here controlling, it would promote consistency in reason and definition of terms to here apply the same rule." *Id.*, 428 S.W.2d at 240. Accordingly, the *Dreyfus* court held that the district court did not have jurisdiction over the case where the amount in controversy, including the damages, penalties, and attorney's fees, exceeded jurisdictional limits. *Id.* at 1015, 428 S.W.2d at 241. The holding in *Dreyfus* dictates that the prayer for attorney's fees in the case at bar should be included in the amount in controversy.

 Based on the foregoing and under our de novo review, we hold that the

---

1. In *Missouri State Life Ins. v. Jones*, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933), the United States Supreme Court reversed the Arkansas Supreme Court's decision in *Missouri State Life Ins. v. Johnson*, 186 Ark. 519,

54 S.W.2d 407 (1932), in which it held that statutory attorney's fees should be taxed as a cost and not included in the amount in controversy for purposes of determining whether a cause can be removed to federal court.

district court lacked subject-matter jurisdiction to enter the default judgment against Piper because Potlatch's complaint sought to recover an amount in excess of the district court's jurisdictional limit. Actions taken by a court without jurisdiction are null and void. *Villines v. Harris,* 362 Ark. 393, 398, 208 S.W.3d 763, 767 (2005). When the municipal court lacks subject-matter jurisdiction of the original cause, then the circuit court acquires none on appeal. *French v. Webb,* 80 Ark. App. 357, 360, 96 S.W.3d 740, 742 (2003). Where the lower court lacks subject-matter jurisdiction, |₈dismissal is an appropriate disposition of the case. *Tyler v. Talburt,* 73 Ark. App. 260, 262, 41 S.W.3d 431, 433 (2001). Accordingly, we reverse the circuit court's order granting Potlatch's motion to dismiss Piper's appeal. We further vacate the default judgment and dismiss Potlatch's complaint.

On a final note, the circuit court's order dismissing Piper's appeal was based on two independent findings. The first finding was that the district court had subject-matter jurisdiction, which we have addressed herein. The second finding was that Piper's appeal from district court to circuit court was untimely under Rule 9(a) of the Arkansas Inferior Court Rules. To the extent that Potlatch argues that the second finding is a basis for affirming the circuit court's order, we disagree.

The applicable rule, Arkansas Inferior Court Rule 9(a) (2001), required that all appeals in civil cases from inferior courts to circuit court be filed in the clerk's office of the particular circuit court having jurisdiction of the appeal within thirty days from the date of the judgment. However, in this case, Rule 9(a) does not apply be-

cause Piper did not appeal from the default judgment entered in district court in 2002; instead, he appealed from the district court's letter opinion denying his motion to dismiss Potlatch's complaint for lack of subject-matter jurisdiction. *Marcinkowski v. Affirmative Risk Mgmt. Corp.,* 322 Ark. 580, 583, 910 S.W.2d 679, 680–81 (1995)[2] In other words, he moved to set aside the default judgment because it was void pursuant to Rule 55(c)(2) of the Arkansas Rules of Civil Procedure. Because there are no time |₉limitations prescribed in Rule 55 for moving to set aside a default judgment, *Marcinkowski,* 322 Ark. at 583, 910 S.W.2d at 681, Piper's appeal was timely. Thus, we hold that the circuit court erred in dismissing Piper's appeal on the grounds that it was untimely.

Reversed; default judgment vacated; complaint dismissed.

GLADWIN and MARSHALL, JJ., agree.

---

2. The procedural facts in *Marcinkowski* are nearly identical to those in the instant case. In holding that Rule 55 of the Arkansas Rules of Civil Procedure governed instead of Inferior Court Rule 9(a), our supreme court relied

on Inferior Court Rule 10, which provided that the Arkansas Rules of Civil Procedure shall apply to and govern matters of procedure in the inferior courts. Ark. Inf. Ct. R. 10 (2001).