

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–12–701

| | | |
|---|---|---|
| F. ALLAN MIDYETT | | **Opinion Delivered** October 23, 2013 |
| | APPELLANT | |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. DR–2011–813–5] |
| NANCY MIDYETT | | HONORABLE BETH STOREY BRYAN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Allan Midyett appeals from an order of the Washington County Circuit Court that held him in contempt for nonpayment of alimony and that refused to modify his alimony obligation to his former wife, appellee Nancy Midyett. We affirm.[1]

The Midyetts were divorced in September 2008 in the state of Nevada. The Nevada decree incorporated an alimony agreement in which Allan promised to pay Nancy $6,000 per month for twenty-four months beginning October 1, 2008, then $5,000 per month for the next three years.

In 2010, the parties began living together at Allan's residence in Washington County, Arkansas, while remaining divorced. Allan continued his alimony payments to Nancy and allegedly paid her living expenses in exchange for her caring for his elderly mother. When

---

[1]We previously ordered rebriefing in this case. *Midyett v. Midyett*, 2013 Ark. App. 291. The briefing errors have been sufficiently corrected to allow consideration of the merits.

SLIP OPINION

Nancy began to behave violently in the home, Allan obtained an order of protection from the Washington County Circuit Court. The order excluded Nancy from the residence and required Allan to pay her moving expenses.

In August 2011, Nancy filed a contempt petition alleging that Allan had failed to pay her moving expenses. Allan responded by registering the Nevada divorce decree in Arkansas and filing several petitions asking the court to modify or set aside the parties' alimony agreement. He also stopped paying alimony in October 2011 and sought damages from Nancy for "mental anguish" and "emotional harm." Nancy filed an amended contempt petition based on Allan's nonpayment of alimony.

The court heard all petitions during a two-day trial. On May 25, 2012, the court entered an order denying Allan's request to modify the parties' alimony agreement; holding Allan in contempt for nonpayment of $30,030 in back alimony; and refusing to hold Allan in contempt for not paying Nancy's moving expenses. Allan filed a timely notice of appeal.[2]

## I. *Contempt Ruling*

Allan contends that the circuit court erred in holding him in contempt for nonpayment of alimony because Nancy admitted that she had received all alimony payments due at the time of trial. This issue involves a discovery matter under Ark. R. Civ. P. 36 (2013), which governs requests for admission.

Prior to trial, Nancy admitted the following requests that had been propounded by

---

[2] Allan's notice of appeal stated that he abandoned any pending but unresolved claims. Ark. R. App. P.–Civ. 3(e)(vi) (2013).

Allan:

> REQUEST FOR ADMISSION NO. 9: Admit that you received Court ordered spousal support in the amount of $6,000.00 per month for 24 months under Case No. D-07-384451-D in Clark County, Nevada after the entry of the final decree of divorce.

> REQUEST FOR ADMISSION NO. 10: Admit that you received $5,000.00 per month for 24 months pursuant to Case No. D-07-384451-D in Clark County, Nevada after the entry of the final decree.

At a pretrial hearing in February 2012, Allan argued that Nancy's admissions conclusively established that she had already received forty-eight months' worth of alimony since entry of the Nevada decree in September 2008, meaning that no further payments were due until October 2012. The circuit court rejected Allan's argument, stating that

> the way that these requests for admission are worded, it is not admitting that for a total of four years she has received all of the money ordered . . . it does not state the months at issue. So Request for Admission Number 10 does not mean that after the first 24 months, that for the next 24 months she received [$]5,000 per month.

A circuit court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed by the appellate court absent an abuse of that discretion. *Deering v. Supermarket Invs., Inc.*, 2013 Ark. App. 56, ___ S.W.3d ___. We detect no abuse of the trial court's broad discretion. Allan stopped paying alimony in October 2011, thirty-six months into his alimony obligation. Yet, he asked the court to interpret Nancy's responses to his requests for admission to mean that she had already received forty-eight months' worth of alimony. The court determined, and we agree, that Allan's requests were too imprecise to bind her to such an admission. A discovery answer in response to an imprecise inquiry may not always be used against the answering party. *See generally Boren v. Qualls*, 284 Ark. 65, 680

3

S.W.2d 82 (1984).

Allan also argues that his contempt citation cannot stand because Nancy failed to attach an affidavit to her contempt petition. The petition about which Allan argues is Nancy's original petition, seeking to hold him in contempt for failing to pay moving expenses. The circuit court did not hold Allan in contempt on that basis, so the point is moot. *See Young v. Smith*, 2012 Ark. App. 494. Moreover, Allan did not raise this issue until a posttrial hearing, which was too late. *See, e.g.*, *Smith v. Smith*, 28 Ark. App. 56, 770 S.W.2d 205 (1989).

For these reasons, we uphold the circuit court's order finding Allan in contempt.

## II. *Refusal To Modify Alimony*

Allan asked the circuit court to modify or set aside the parties' alimony agreement incorporated in the Nevada divorce decree. The court denied Allan's request on the ground that Nevada retained exclusive jurisdiction over the spousal-support obligation. On appeal, Allan argues that the Arkansas court had jurisdiction because he and Nancy no longer resided in Nevada and the divorce decree had been registered in Arkansas.

The circuit court correctly ruled that it lacked jurisdiction. Under both Arkansas and Nevada laws dealing with the Uniform Interstate Family Support Act (UIFSA), the tribunal in the state that issues a spousal-support order has continuing, exclusive jurisdiction to modify the order throughout the existence of the support obligation. Ark. Code Ann. § 9-17-205(f) (Repl. 2009); Nev. Rev. Stat. § 130.2055 (2013). *See also Tyler v. Talburt*, 73 Ark. App. 260, 41 S.W.3d 431 (2001). The support obligation in this case lasted through October 2013. Nevada therefore had exclusive jurisdiction to modify or terminate alimony at all relevant


times, and the Arkansas court had no authority to act.

Allan cites numerous cases in which one state has modified another state's support order under UIFSA. But, the cited cases involve child support rather than spousal support. UIFSA treats child support and spousal support differently. *See* David Newbern, John Watkins, & D.P. Marshall Jr., *Ark. Civ. Prac. & Proc.* § 38:7 at 788–89, n.9 (5th ed. 2011). Allan's cases are therefore not on point, and we affirm the circuit court's refusal to modify or set aside the spousal-support award.

Because we affirm the circuit court's jurisdictional ruling, we need not address Allan's other arguments for modifying or setting aside the alimony obligation.

### III. *Tort Claim*

Allan argues that the circuit court neglected to rule on a claim he filed against Nancy for the tort of outrage. Some of Allan's petitions and responses sought monetary damages against Nancy for a variety of reasons, including her behavior in the home. When Allan mentioned the claim in a pretrial hearing, the court ruled as follows:

> But there hasn't been a specific cause of action that I've seen pled that would allow the plaintiff to recover damages. In other words, that may be some sort of separate civil action to be filed in the future or in some other case, but there's no claim for relief that would allow – – and I know that [Allan] has claimed damages for that alleged conduct. Number one, the divorce case would not be the place to do it. But, number two, there's been no cause of action pled that the court has reviewed that would allow him to recover for that alleged conduct.

After trial, the court issued an oral ruling from the bench that made no reference to Allan's request for damages. Allan filed a motion for findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52 (2013), asking the court to address the "dismissal" of his "tort

claim." The court's May 25, 2012 order did not rule on the matter. But, after Allan filed a notice of appeal from the May 25 order, the circuit court entered an order denying Allan's Rule 52 motion. This order recited that the court had made findings of fact and conclusions of law in its oral ruling from the bench, and the court attached a transcript of its remarks. The court also declared that Allan had not requested a ruling on "any alleged tort claim" during or after trial and that the issue was therefore waived. Allan did not file a notice of appeal from the Rule 52 order.

Allan now argues that he had evidence to support an outrage claim against Nancy and that, under amendment 80 to the Arkansas Constitution, the circuit court could have heard any type of case. Allan's general statement of the law with respect to amendment 80 is correct, but his argument is procedurally barred.

The circuit court stated two grounds at the pretrial hearing for not hearing Allan's damages claim: the divorce case was not the proper forum in which to assert the claim, and no cause of action was pled. Allan challenges only the court's ruling that he could not pursue his cause of action in the context of a divorce case. Where a trial court makes independent, alternative rulings that are each dispositive of an appellant's claim, and the appellant attacks only one of those rulings, the case will be affirmed without addressing either ruling. *Ross v. Bugaj*, 2010 Ark. App. 656.

Additionally, Allan has not appealed from the order finding that he waived his damages claim. An order not mentioned in a notice of appeal is not properly before this court. *See Rose v. Rose*, 2013 Ark. App. 256, ___ S.W.3d ___. In any event, the allegations in Allan's

6

petitions and responses are not sufficient to constitute a complaint setting forth a cause of action against Nancy for outrage.

IV. *Rule 52 Order*

Allan appears to contend that the circuit court erred by not issuing written findings of fact and conclusions of law in accordance with Ark. R. Civ. P. 52 (2013). We need not address this point because Allan makes no convincing argument and cites no authority to support his claim. *Longing Family Rev. Trust v. Snowden*, 2013 Ark. App. 81, ___ S.W.3d ___. Further, the court attached a transcript of its original oral ruling from the bench to its second order. The oral ruling contained extensive findings of fact and conclusions of law. Allan has not appealed from that order or otherwise challenged the court's attachment of the oral findings. *See Kimbrough v. Kimbrough*, 83 Ark. App. 179, 119 S.W.3d 66 (2003).

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Carole D. Sexton*, for appellant.

*Virginia Middleton*, for appellee.