RITA W. GRUBER, Chief Judge
Appellant Patrick McElroy pleaded guilty on February 13, 2017, to the offenses of first-degree battery and second-degree unlawful discharge of a firearm from a vehicle. After conducting a sentencing hearing before a jury, the Garland County Circuit Court entered several orders imposing judgment and sentences. Appellant has filed an appeal from one of those orders-a "Judgment and Conditions of Suspension," entered on March 6, 2017-alleging that his sentences are illegal.[1] We affirm his convictions.
We set forth the relevant procedural history because it is important to our disposition in this case. Both counts for which appellant pleaded guilty are Class B felonies and carry an authorized sentence of not less than five years nor more than twenty years in prison. Ark. Code Ann. § 5-4-401 (Repl. 2013). At the conclusion of the sentencing trial on February 14, 2017, the jury returned verdict forms fixing appellant's sentences at twenty years in the Arkansas Department of Correction on the battery count and ten years in the Arkansas Department of Correction on the firearm count, to be served consecutively. The jury also returned a verdict form recommending the alternative sentence of probation.
On March 6, 2017, the circuit court held a hearing to impose the sentence. The court stated that it had considered the jury's verdict and determined what was "appropriate under the circumstances." On count one, first-degree battery, the court sentenced appellant to 180 months' imprisonment with an additional 60 months' suspended imposition of sentence (SIS). On count two, it sentenced appellant to ten years' SIS. The judge explained that the sentence was "fifteen years in the custody of the Department of Correction" with an additional fifteen years' SIS and that the ten years' SIS on count two would run consecutively to the five years' SIS on count one, which would both begin to run on the date appellant is released from custody.
The circuit court entered a document entitled "Judgment and Conditions of Suspension" on March 6, 2017, which states that appellant had executed a guilty-plea agreement and the court had "adjudged" that appellant was, in fact, guilty of first-degree battery and unlawful discharge of a firearm; pronounces a judgment of conviction; and, in accordance with the circuit court's oral ruling, commits him to the Department of Correction for a term of 180 months on count one and to suspended sentences of 60 months on count one and *185 120 months on count two. It does not indicate whether the sentences run concurrently or consecutively. The document then lists the conditions of suspension and is signed by the circuit judge and the appellant's attorney.
Two weeks later, on March 22, 2017, the court entered a sentencing order sentencing appellant to ten years' imprisonment and ten years' SIS for first-degree battery and to five years' imprisonment and five years' SIS for a "terroristic act," to run consecutively.[2] Finally, on March 29, 2017, the court entered a first amended sentencing order sentencing appellant to ten years' imprisonment and ten years' SIS on the battery conviction and five years' imprisonment and five years' SIS on the conviction for unlawful discharge of a firearm, to run consecutively. Appellant filed a notice of appeal on March 29, 2017, from the "Judgment" entered on March 6, 2017.
On appeal, appellant argues that the sentences are illegal. First, because the circuit court disregarded Arkansas Code Annotated section 16-90-107(d) (Repl. 2016). He contends this statute required the court to sentence him to the minimum sentence allowed for each count, five years. Section 16-90-107(d) provides, "If the jury in any case assesses a punishment ... below the limit prescribed by law for offenses of which the defendant is convicted, the court shall render judgment and pronounce sentence according to the lowest limit prescribed by law in such cases." Appellant contends that the jury's recommendation of probation is below the limit for the offenses to which he pleaded guilty and that, by statute, the court must sentence him to the lowest allowable sentence for each offense, that is, five years.
We disagree. Section 16-90-107 is not applicable here. The jury in this case did not "assess[ ] a punishment" of probation. Rather, the jury fixed appellant's sentences at twenty years' imprisonment on the battery count and ten years' imprisonment on the firearm count and recommended those terms be served consecutively. The jury also entered a verdict form recommending an "alternative sentence of probation." This recommendation is not binding on the court. Hayes v. State , 2018 Ark. App. 158, at 1, 544 S.W.3d 587 ; Ark. Code Ann. § 16-97-101(4) (Repl. 2016). The actual assessment of probation is a matter that lies within the discretion of the circuit court. Rodgers v. State , 348 Ark. 106, 109, 71 S.W.3d 579, 581 (2002). In sentencing, there must be an exercise of judgment by the circuit court, not a mechanical imposition of the sentence suggested by the jury in every case. Id.
Second, appellant contends that his sentences are illegal because the circuit court cannot "stack" suspended sentences. He argues that the circuit court's sentence on the firearm conviction-for which the court imposed ten years' SIS to run consecutively to the sentence of fifteen years' imprisonment plus five years' SIS on the battery conviction-violates Arkansas Code Annotated section 5-4-307. Appellant is correct that a circuit court may not "stack" suspended sentences imposed for different convictions. See Walden v. State , 2014 Ark. 193, 433 S.W.3d 864. Section 5-4-307 provides specifically as follows:
(a) Except as provided in subsection (c) of this section, a period of suspension or probation commences to run on the day it is imposed.
*186 (b)(1) Whether imposed at the same or a different time, multiple periods of suspension or probation run concurrently.
(2) The period of a suspension or probation also runs concurrently with any federal or state term of imprisonment or parole to which a defendant is or becomes subject to during the period of the suspension or probation.
(c) If a court sentences a defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment.
The State acknowledges that the circuit court's oral pronouncement appears to run afoul of this statute. However, the State claims that the circuit court's final sentencing order-the first amended sentencing order dated March 29, 2017-"controls" and does not impose an illegal sentence.
Generally, a circuit court will enter a "Sentencing Order" to reflect its judgment of conviction and the sentence imposed and to put the sentence into execution.[3] Conditions of any suspension or probation are often attached. In this case, however, the court combined a "Judgment and Conditions of Suspension" into one document. The document adjudges appellant guilty of first-degree battery and unlawful discharge of a firearm; pronounces a judgment of conviction; and commits him to the Department of Correction for a term of 180 months plus an additional suspended sentence of 60 months on count one and sentences him to a suspended sentence of 120 months on count two. This is a judgment, and it puts the sentence into execution. Once a sentence is put into execution, the circuit court loses jurisdiction to modify or amend the sentence. Gavin v. State , 354 Ark. 425, 429, 125 S.W.3d 189, 191 (2003). Thus, the circuit court lost jurisdiction to modify that sentence, and its sentencing order and first amended sentencing order purporting to do so are null and void. Piper v. Potlatch Fed. Credit Union , 2009 Ark. App. 701, at 7, 371 S.W.3d 704, 709 (holding that actions taken by a court without jurisdiction are null and void).
With respect to this judgment, it sentences appellant to fifteen years' imprisonment plus five years' SIS on first-degree battery and to ten years' SIS on second-degree unlawful discharge of a firearm. It does not state whether these sentences are to run consecutively or concurrently. Unless a court orders multiple sentences of imprisonment to run consecutively, the sentences for a defendant convicted of more than one offense shall run concurrently. Ark. Code Ann. § 5-4-403 (Repl. 2013). Regarding suspended sentences specifically, section 5-4-307 provides that a period of suspension begins to run on the day it is imposed and that a period of suspension runs concurrently with any state term of imprisonment to which a defendant is or becomes subject to during the period of the suspension or probation. Thus, unless the order states otherwise-and this order does not-appellant's sentences run concurrently and are not illegal. See Dodds v. State , 2018 Ark. App. 86, 543 S.W.3d 513. Accordingly, we affirm the convictions.
Affirmed.
Harrison and Brown, JJ., agree.

Although there is generally no right to appeal from a guilty plea, appeals are allowed in certain instances, including but not limited to, when the issue is "nonjurisdictional" and arose "during the penalty phase of the trial," Hill v. State , 318 Ark. 408, 413, 887 S.W.2d 275, 278 (1994), or involves an appeal from a decision that was "neither a part of the guilty plea acceptance nor the sentencing procedure which was an integral part of the guilty plea acceptance." Burgess v. State , 2016 Ark. 175, at 6, 490 S.W.3d 645, 649. Because this appeal challenges the legality of the sentence and is from a sentencing hearing before a jury after acceptance of the guilty plea, it is properly before us.

Appellant was charged with first-degree battery and terroristic act, a Class Y felony, but pleaded guilty to first-degree battery and the lesser charge of second-degree unlawful discharge of a firearm from a vehicle.

See Ark. Sup. Ct. Admin. Order No. 8(III) (2017).